UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL ACTION NO. 14-0208-01 |
| VERSUS | JUDGE DONALD E. WALTER |
| JOSE GABRIEL MENDEZ | MAGISTRATE JUDGE KAY |

## MEMORANDUM ORDER

Before the Court is a motion for compassionate release filed pro se by the defendant, Jose Gabriel Mendez ("Mendez"). See Record Document 104. The Federal Public Defender's Office notified the Court that its office would not be enrolling on behalf of Mendez. The Government opposes Mendez's motion. See Record Document 107. Based on the following, the motion for release is **DENIED**.

Mendez and a co-defendant were charged in a three-count indictment with conspiracy to possess with intent to distribute and to distribute cocaine and methamphetamine, possession with intent to distribute cocaine, and possession with intent to distribute methamphetamine. Mendez was found guilty on all three counts by a jury. According to his presentence report, Mendez's guideline range was 188 to 235 months of confinement, and he was subject to a statutory minimum term of imprisonment of 120 months. See Record Document 88. On June 29, 2015, this Court sentenced Mendez to 120 months of imprisonment. See Record Document 90. Mendez is currently housed at the Federal Medical Center in Rochester, Minnesota ("FMC Rochester") and he has a projected release date of April 2023.

On September 15, 2021, Mendez filed his motion for compassionate release pursuant to 18 U.S.C. § 3582(C)(1)(A)(i), seeking compassionate release based on his assertion that his "family

is not fairing [sic] [] well." Record Document 104 at 2. Essentially, Mendez claims that his wife[1] has been diagnosed with cancer and can no longer support their children in Guatemala. See id. Mendez alleged that he filed a Request for Administrative Remedy for Compassionate Release with FMC Rochester on August 6, 2021, which was not attached to his motion but was submitted by the Government as an exhibit. See Record Document 107, Ex. 1. In his request, Mendez asked for "Reduction in Sentence – Home Confinement[2] in accordance with USC 3582(A)(1)(i) and the CARES ACT." Id. Therefore, Mendez has exhausted his administrative remedies by filing a request through the Bureau of Prisons ("BOP"), since thirty days have elapsed from the date of his initial request with no response thereto. See 18 U.S.C. § 3582(c)(1)(A) (Under this section, the Court has the authority to reduce a defendant's sentence "upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal . . . or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility. . . ."). However, the Government maintains that Mendez's motion fails on the merits. See Record Document 107. The Government contends that Mendez has not established an "extraordinary and compelling reason" for release as the term is defined in Section 3582(c)(1)(A). See id. The Government further contends that the factors contained in 18 U.S.C. § 3553(a) weigh against Mendez's release. See id.

---

[1] Notably, when interviewed for his presentence report, Mendez reported that he had never been married, but that he had lived with a woman for seventeen years. Mendez further reported that two children had been born during their relationship. See Record Document 88 at 10.

[2] Mendez requested release to home confinement. However, this request is **DENIED**, as the decision on whether to release an inmate to home confinement is within the exclusive purview of the Bureau of Prisons. See 18 U.S.C. § 3621(b); United States v. Read-Forbes, 454 F.Supp.3d 1113, 1118 (D. Kan. Apr. 16, 2020) ("While the CARES Act gives the BOP broad discretion to expand the use of home confinement during the COVID-19 pandemic, the Court lacks jurisdiction to order home detention under this provision."); United States v. Rodriguez, No. 15-198, 2020 WL 5369400, at *3 (E.D. La. Sept. 8, 2020).

A judgment, including a sentence of imprisonment, "may not be modified by a district court except in limited circumstances." <u>Dillon v. United States</u>, 560 U.S. 817, 824, 130 S. Ct. 2683, 2690 (2010). Under 18 U.S.C. § 3582(c), a court generally "may not modify a term of imprisonment once it has been imposed," except: (1) upon a motion for reduction in sentence under 18 U.S.C. § 3582(c)(1)(A); (2) "to the extent otherwise expressly permitted by statute or by Rule 35 of the Federal Rules of Criminal Procedure," 18 U.S.C. § 3582(c)(1)(B); and (3) where the defendant was sentenced based on a retroactively lowered sentencing range, 18 U.S.C. § 3582(c)(2). Section 3852(c)(1)(A)(i) provides that a court may reduce a prisoner's sentence after administrative remedies have been exhausted "if it finds that" (1) "extraordinary and compelling reasons warrant such a reduction" and (2) the reduction is "consistent with applicable policy statements issued by the Sentencing Commission."

The Sentencing Commission's policy statement regarding compassionate release is consistent with the statute and provides, in pertinent part, as follows:

> Upon motion of the Director of the Bureau of Prisons under 18 U.S.C. § 3582(c)(1)(A), the court may reduce a term of imprisonment (and may impose a term of supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment) if, after considering the factors set forth in 18 U.S.C. § 3553(a), to the extent that they are applicable, the court determines that—
>
> (1) (A) Extraordinary and compelling reasons warrant the reduction; . . .
>
> (2) The defendant is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g); and
>
> (3) The reduction is consistent with this policy statement.

U.S.S.G. § 1B1.13. In the commentary following the policy statement, the Sentencing Commission identifies three specific reasons that are considered "extraordinary and compelling," as well as a broader provision for reasons deemed "extraordinary and compelling."

1. Extraordinary and Compelling Reasons.—Provided the defendant meets the

3

> requirements of subdivision (2) [regarding absence of danger to the community], extraordinary and compelling reasons exist under any of the circumstances set forth below:
>
> . . .
>
> (C) Family Circumstances.—
>
> > (i) The death or incapacitation of the caregiver of the defendant's minor child or minor children.
> >
> > (ii) The incapacitation of the defendant's spouse or registered partner when the defendant would be the only available caregiver for the spouse or registered partner.
>
> (D) Other Reasons.—As determined by the Director of the Bureau of Prisons, there exists in the defendant's case an extraordinary and compelling reason other than, or in combination with, the reasons described in subdivisions (A) through (C).

U.S.S.G § 1B1.13 cmt. n. 1. However, the Fifth Circuit Court of Appeals recently held that this policy statement does not bind a district court in considering a motion filed by a defendant pursuant to 18 U.S.C. § 3582(c)(1)(A), as opposed to a motion filed by the Director of the Bureau of Prisons. See United States v. Shkambi, 993 F.3d 388, 2021 WL 1291609, at *4 (5th Cir. Apr. 7, 2021). The Shkambi court concluded that "[t]he district court . . . is bound only by § 3582(c)(1)(A)(i) and, as always, the sentencing factors in § 3553(a)." Id. Regardless, the defendant bears the burden to establish that circumstances exist under which he is eligible for a sentence reduction under 18 U.S.C. § 3582(c)(1)(A)(i). See United States v. Ennis, No. 02-1430, 2020 WL 2513109, at *4 (W.D. Tex. May 14, 2020) ("[T]he defendant has the burden to show circumstances meeting the test for compassionate release." (citing United States v. Stowe, No. 11-803, 2019 WL 4673725, at *2 (S.D. Tex. Sept. 25, 2019)); United States v. Wright, No. 16-214, 2020 WL 1976828, at *6 (W.D. La. Apr. 24, 2020) (Petitioner has the "burden of showing the necessary circumstances, or a combination of circumstances, that would warrant relief under the compassionate release statute.").

While acknowledging that the policy statement is no longer binding on this Court pursuant to Shkambi, the Government argues, and this Court agrees, that the policy statement remains persuasive authority as to what constitutes an extraordinary and compelling reason for compassionate relief. See United States v. Malone, No. 12-146-03, 2020 WL 3065905, at *5 (W.D. La. June 9, 2020) ("The Court agrees that the policy statement provides a helpful framework for compassionate release decisions, but it is not conclusive given the recent statutory changes."); United States v. Bloxom, No. 07-50100, 2021 WL 4134411 (W.D. La. Sept. 10, 2021) ("Shkambi did not, however, render § 1B1.13 irrelevant with respect to defendant-filed motions under Section 3582(c)(1)(A), as the Fifth Circuit has long recognized that although not dispositive, the commentary to § 1B1.13 informs the district court's analysis as to what reasons may be sufficiently extraordinary and compelling to necessitate compassionate release."). Regardless, even removing any reference whatsoever to the policy statement or its comments from the analysis, this Court still cannot conclude that Mendez's situation qualifies as extraordinary and compelling.

The Government acknowledges that under Section 1B1.13, family circumstances may give rise to extraordinary and compelling reasons for compassionate release, but accurately asserts that Mendez bears the burden of supporting those allegations with evidence, which he has not done. Courts consider whether there is a person "other than the defendant [who] is available to serve as a caretaker of a minor or incapacitated family member." United States v. Goldberg, 2020 WL 1853298, at *4 (D.D.C. Apr. 13, 2020); see also United States v. Shine, 2020 WL 3440654, at *3 (N.D. Tex. June 23, 2020) ("That other people within [the defendant's] family can potentially take care of her children while she is imprisoned cuts against compassionate release here.") (citation omitted). This Court simply lacks information to determine if Mendez's circumstances qualify as extraordinary and compelling.

Even assuming that Mendez had identified extraordinary and compelling reasons, he is still not entitled to relief under the factors contained in 18 U.S.C. § 3582 and the sentencing factors set forth in 18 U.S.C. § 3553(a). Section 3553(a), which sets forth the factors to consider in imposing sentence, requires the Court to consider: (1) the nature and circumstances of the offense and the history and characteristics of the defendant; and (2) the need for the sentencing imposed (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (B) to afford adequate deterrence to criminal conduct; and (C) to protect the public from further crimes of the defendant. See 18 U.S.C. § 3553(a).

The Court finds that Mendez has not demonstrated that he will not be a threat to others or the community if released. Mendez was sentenced in this Court for conspiracy to possess with intent to distribute and to distribute cocaine and methamphetamine, possession with intent to distribute cocaine, and possession with intent to distribute methamphetamine.[3] The Court concludes that Mendez remains a danger to others and his community. Additionally, in examining the Section 3553(a) factors, to reduce Mendez's sentence would not reflect the seriousness of the offense, promote respect for the law or afford an adequate deterrence to criminal conduct. Furthermore, a deviation below the mandatory minimum sentences that were set by Congress would create a sentencing disparity between Mendez and other similarly situated defendants, thus invalidating a "just punishment" under 18 U.S.C. § 3553(a)(2)(A).

---

[3] In addition, Mendez seeks a reduction in sentence to time served. However, his statutory minimum sentence was ten years and a reduction as requested would result in a sentence that falls below what Congress deemed appropriate for similarly situated defendants.

Therefore, the Court finds that Mendez has not met his burden.

For the foregoing reasons, **IT IS ORDERED** that Mendez's motion is **DENIED**.

**THUS DONE AND SIGNED** in Shreveport, Louisiana, this 27th day of October, 2021.

_____
DONALD E. WALTER
UNITED STATES DISTRICT JUDGE